UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND MANLEY,<br><br>      Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>      Defendants. | Case No. 16-CV-03355-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 45, 46 |

Before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian's") motion to dismiss and Defendant Equifax Inc.'s ("Equifax's") motion to dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the motion hearings set for January 19, 2017 at 1:30 p.m. The Court CONTINUES the case management conference, currently set for January 18, 2017, at 2:00 p.m., to April 19, 2017, at 2:00 p.m. After considering the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Defendants' motions to dismiss with leave to amend.

## I.    BACKGROUND

### A.    Factual Background

On October 15, 2013, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 43 ("FAC") ¶ 93.

"Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690.

In the instant case, before filing for bankruptcy, on September 10, 2013, Plaintiff obtained a tri-bureau credit report from a third party vendor, CIN Legal Data Services ("CIN"). FAC ¶¶ 88–89. Plaintiff alleges that the information in this tri-bureau credit report came from the three major Credit Reporting Agencies ("CRAs"): Experian, Equifax, and TransUnion. *Id.* ¶ 89. According to the CIN report, Plaintiff's credit score at the time was estimated to be 514, but was estimated to rise to 648 after 12 months if Plaintiff filed for bankruptcy. *Id.* ¶¶ 91–92.

Plaintiff's Chapter 13 bankruptcy plan was confirmed on March 27, 2014. FAC ¶ 97. According to the FAC, the Chapter 13 plan provided that unsecured creditors would receive "0% of their filed claims over the course of Plaintiff's plan." FAC ¶ 96. Plaintiff does not allege that Plaintiff's debts have successfully been discharged.

On November 3, 2015, Plaintiff ordered a tri-bureau credit report from Equifax. *Id.* ¶ 98. In the tri-bureau credit report, Plaintiff allegedly "noticed 9 different tradelines on the November 3, 2015 credit report all reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 99. Specifically, Plaintiff claims that these trade lines reported Plaintiff's accounts "with past due balances, inaccurate balances, in collections, and/or charged off." *Id.* Plaintiff also alleges that "[s]ome accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan." *Id.*

In response to these alleged inaccuracies, Plaintiff sent a dispute letter on March 10, 2016 to Experian, Equifax, and TransUnion, LLC. In this dispute letter, Plaintiff stated that because his Chapter 13 bankruptcy plan had been confirmed, "there should not be any past due balance

2
Case No. 16-CV-03355-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

reported, the account should not be listed as charged off, transferred or sold, with an inaccurate monthly payment or that the account is in collections." *Id.* ¶ 101. Plaintiff alleges that Experian, Equifax, and TransUnion received this dispute letter and forwarded the letter with other relevant information to the furnishers of debt information, Ally Financial, Inc. ("Ally"), Asset Acceptance, LLC ("Asset Acceptance"), and Citigroup, Inc ("Citigroup"). *Id.* ¶ 102. Plaintiff's FAC later contradicts this statement by stating that the relevant information was not forwarded to the furnishers. *Id.* ¶ 125.

On November 3, 2015, the same day as the first tri-bureau credit report, Plaintiff alleges that he ordered a second tri-bureau credit report from Equifax. *Id.* ¶ 103. Plaintiff makes no allegations concerning what was contained in the first tri-bureau credit report as opposed to the second tri-bureau credit report.

Plaintiff then summarizes the information that was allegedly inaccurately reported from the furnishers of information to the credit reporting agencies. First, Plaintiff's FAC alleges that Ally, whose claim is treated as secured debt in bankruptcy, reported Plaintiff as having a total debt of $5,936.33, a past due balance "in the amounts of $614.00 and $965.00," and monthly payments of $175.00. *Id.* ¶ 104. Plaintiff's FAC alleges that the "account has been paid in full," but does not state when payment was made. *Id.*

Second, Plaintiff alleges that Asset Acceptance, whose claim is treated as unsecured debt in bankruptcy, reported a balance of $11,485.00, a past due balance of $11,485.00, and monthly payments totaling $166.56.[1] *Id.* ¶¶ 105–06. Plaintiff alleges that $55.19 has been paid on the claim, but does not assert when that payment was made. *Id.* ¶ 106.

Plaintiff's FAC also alleges that the amount of Asset Acceptance's claim has increased since confirmation of Plaintiff's Chapter 13 bankruptcy plan. Plaintiff alleges that Asset Acceptance filed a proof of claim in the bankruptcy court of $11,288.77, but that, after plan

---

[1] This allegation in the FAC that Asset Acceptance, an unsecured creditor, is being paid $166.56 per month on its unsecured claim contradicts the prior statement in the FAC that unsecured creditors were to receive 0% of their claims as part of the Chapter 13 confirmation plan. *Id.* ¶ 96.

3
Case No. 16-CV-03355-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

confirmation, Asset Acceptance reported that $11,485.00 was owed. *Id.* ¶ 107. Confusingly, Plaintiff also alleges that Asset Acceptance "filed a proof of claim in the amount of $10,156.26" in the bankruptcy court. *Id.* ¶ 105. It is unclear whether the $11,288.27 proof of claim and the $10,156.26 proof of claim were filed at different times or if there is simply an error in the FAC.

Third, Plaintiff alleges that Citigroup reported Plaintiff's account "as in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization." *Id.*¶ 109.

Notably, Plaintiff does not allege specifically whether this inaccurate reporting was contained in the first or second tri-bureau credit report that was requested on November 3, 2015. Nor does Plaintiff allege which of the CRAs—Equifax, Experian, or TransUnion—reported the allegedly inaccurate information in the tri-bureau credit report.

Plaintiff alleges that Experian and Equifax have violated the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 111, 123–37. Plaintiff alleges that Experian and Equifax failed to "conduct a reasonable investigation and failed to correct the misleading and or inaccurate statements on the account." *Id.* ¶ 126. Specifically, Plaintiff alleges that Experian must have conducted an unreasonable investigation because "any basic investigation" would have revealed that information furnishers "were not following credit reporting industry standards" by reporting delinquent debts after Plaintiff's Chapter 13 bankruptcy plan confirmation. *Id.* ¶ 132.

Finally, Plaintiff alleges generally that "all actions alleged herein by Defendants were done knowingly, intentionally, and in reckless disregard for credit reporting industry standards in an attempt to purposefully undermine Plaintiff's ability to reorganize and repair Plaintiff's FICO Score." *Id.* ¶ 18.

**B. Procedural History**

On June 15, 2016, Plaintiff filed a complaint against Defendants Ally, Asset Acceptance, Citigroup, Equifax, and Experian. ECF No. 1. The complaint alleged that Defendants had violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). *Id.*

4
Case No. 16-CV-03355-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

On September 9, 2016, Experian filed a motion to dismiss the complaint. ECF No. 35. Rather than oppose this motion, Plaintiff instead filed an amended complaint on September 23, 2016. ECF No. 43 ("FAC"). On November 4, 2016, the Court denied Experian's motion to dismiss the original complaint as moot because Plaintiff amended his complaint. ECF No. 60.

On October 13, 2016, the Court granted the parties' stipulations to dismiss Ally and Asset Acceptance. ECF Nos. 48–49. On December 2, 2016, the Court granted the parties' stipulation to dismiss Citigroup. ECF No. 67.

On October 11, 2016, Equifax and Experian filed the instant motions to dismiss. ECF Nos. 45 ("Equifax Mot."), 46 ("Experian Mot."). On October 25, 2016, Plaintiff filed responses to the motions to dismiss. ECF Nos. 53 ("Equifax Resp."), 54 ("Experian Resp."). On November 1, 2016, Equifax and Experian filed replies. ECF Nos. 56 ("Equifax Reply"), 57 ("Experian Reply").

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's

complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### III. DISCUSSION

Plaintiff asserts a claim under the FCRA against both Experian and Equifax. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, the FCRA imposes duties both on consumer reporting agencies and "on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute." *Id.* In the instant case, Plaintiff alleges that Experian and Equifax are credit reporting agencies within the meaning of the FCRA.[2]

The obligations of consumer reporting agencies ("CRAs") are described in 15 U.S.C. § 1681i.[3] Under that section of the FCRA, consumer reporting agencies must conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report. 15 U.S.C. § 1681i(a); *see also Thomas v. TransUnion, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (discussing the reinvestigation requirements for CRAs under the FCRA). Specifically, within 30 days of receiving a notice from a consumer dispute, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate

---

[2] Equifax challenges its status as a credit reporting agency. Equifax Mot. at 1. However, because the Court dismisses the FAC for other reasons, as described further below, the Court need not reach the issue of whether Equifax is a credit reporting agency.

[3] The FAC solely alleges violations of 15 U.S.C. § 1681s-2(b) even though that particular statutory provision solely applies to furnishers. However, because the Court dismisses the FAC for other reasons, as described further below, the Court need not reach the issue of whether pleading the incorrect statutory provision alone would warrant dismissal.

6
Case No. 16-CV-03355-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Additionally, a CRA is required to "provide notification of the dispute to any person who provided any item of information in dispute" so that the furnisher may conduct its own investigation as required by § 1681s-2(b). *See* § 1681i(a)(2)(A).

The FCRA creates a private right of action for willful or negligent noncompliance with § 1681i. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o). If a failure to comply with § 1681i is negligent, a plaintiff may recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). If a failure to comply with § 1681i is willful, a consumer may recover actual damages or statutory damages between $100 and $1000, as well as any appropriate punitive damages. 15 U.S.C. § 1681n(a).

To state a claim for violation of § 1681i, a plaintiff must establish "that an actual inaccuracy exist[s]." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *see also Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) (requiring that an actual inaccuracy exists to state an FCRA claim). Thus, even if a furnisher or CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's "claims fail as a matter of law." *Carvalho*, 629 F.3d at 890.

Here, because the Court finds below that Plaintiff has inadequately alleged a FCRA cause of action, the Court need not reach the issues of whether the furnishers provided inaccurate information to Experian and Equifax, the extent of Experian's and Equifax's responsibilities during a reinvestigation, or whether Plaintiff adequately pled willfulness or actual damages.

On November 3, 2015, Plaintiff alleges that he noticed "inaccurate" information in his tri-bureau credit report. FAC ¶ 98. Moreover, Plaintiff alleges that he sent a dispute letter concerning these inaccuracies to Equifax and Experian on March 10, 2016. *Id.* ¶ 100. Plaintiff alleges that Equifax and Experian then "sent Plaintiff's dispute" to each furnisher. *Id.* 102. Plaintiff alleges that he ordered a "second" tri-bureau credit report on November 3, 2015, the same day as the first tri-bureau credit report. *Id.* ¶ 103.

7
Case No. 16-CV-03355-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

As noted above, the FCRA requires a CRA to "conduct a reasonable reinvestigation" within 30 days of receiving a notice of a consumer dispute. 15 U.S.C. § 1681i(a)(1)(A). After a "reasonable reinvestigation," the investigating CRA must "record the current status of the disputed information[] or delete the item from the file." *Id.* Here, Plaintiff bases his claim that Experian and Equifax failed to reinvestigate and correct inaccurate reports within 30 days based on two credit reports ordered on the *same* day, November 3, 2015. The FAC contains no factual allegations that Plaintiff ordered a tri-bureau credit report after March 10, 2016, the date Plaintiff allegedly notified Equifax and Experian that the credit reports contained inaccuracies. Indeed, Plaintiff has made no factual allegations that inaccuracies still existed, or if there were inaccuracies, what inaccuracies existed in Plaintiff's tri-bureau credit report after sending the March 10, 2016 dispute letter. Therefore, Plaintiff has failed to sufficiently allege that "an actual inaccuracy" existed for which Equifax and Experian did not "record the current status of the disputed information[] or delete the item from the file" after a "reasonable reinvestigation." 15 U.S.C. § 1681i(a)(1)(A). Therefore, Plaintiff's FCRA claim against Equifax and Experian for failing to perform a "reasonable reinvestigation" fails.

In Plaintiff's responses to the instant motions, Plaintiff argues that Equifax and Experian did not perform a reasonable reinvestigation because they were required to "send all relevant information to a data furnisher" concerning Plaintiff's dispute of the tri-bureau credit report, and did not do so. Equifax Resp. at 4; Experian Resp. at 4. Specifically, Plaintiff argues that Experian and Equifax "failed to send an ACDV," an "automated credit dispute verification." *Id.*; FAC ¶ 51. Plaintiff argument fails for two reasons. First, as discussed above, Plaintiff fails to allege any facts to show that an inaccuracy still existed after Plaintiff ordered two tri-bureau credit reports on November 3, 2015 and submitted the dispute on March 10, 2016. As discussed above, such an allegation is necessary to plead a lack of reasonable reinvestigation under 15 U.S.C. § 1681i(a).

Second, the FAC contains inconsistent pleadings concerning what Equifax and Experian sent to the furnishers. The FAC specifically alleges that "each CRA received Plaintiff's dispute letter, and in response, sent Plaintiff's dispute to each [furnisher] via an ACDV." FAC ¶ 102.

8

However, Plaintiff also alleges in the recitation of the elements of the offense that Experian and Equifax did not send "all relevant information via an ACDV." FAC ¶ 125. These two factual allegations are inconsistent with one another, and therefore can not state a claim. *See Maloney v. Scottsdale Ins. Co.*, 256 F. App'x 29, 31–32 (9th Cir. 2007) (finding that a complaint failed to state a claim upon which relief could be granted based upon factually inconsistent allegations that were not pleaded in the alternative, but incorporated into each cause of action); *Swenson v. Nat'l R.R. Passenger Corp.*, 2016 WL 1573323, at *6 (E.D. Cal. Apr. 19, 2016) ("In light of her inconsistent pleadings and the absence of any explanation for this inconsistency, the court does not assume the truth of plaintiff's later allegations.").[4] Therefore, the Court GRANTS Experian's and Equifax's motions to dismiss. The Court provides leave to amend because Plaintiff may be able to allege facts that show that an inaccuracy still existed in the tri-bureau credit report 30 days after Plaintiff submitted a dispute letter.

In anticipation of an amended complaint, the Court makes two points. First, "courts in this district have consistently held that it is not misleading or inaccurate to report delinquent debts that have not been discharged." *Blakeney v. Experian Info. Sols., Inc.*, 2016 WL 4270244, at *5 (N.D. Cal. Aug. 15, 2016). In accordance with that principle, this Court recently held in *Devincenzi v. Experian Information Solutions, Inc.*, 2017 WL 86131 (N.D. Cal. Jan. 10, 2017), that "as a matter of law[,] reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading." *Id.* at *7 (citing *Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016)); *see also Keller v. Experian Info. Sols., Inc.*, Case No. 5:16-CV-04643-LHK, ECF No. 50 (N.D. Cal. Jan. 13, 2017) (following *Devincenzi*). Thus, an amended complaint should not contain any allegation that the tri-bureau credit reports were inaccurate solely because a

---

[4] It may be possible to read the two statements concerning the ACDV together such that they are consistent. To do so, the Court would need to assume that an ACDV was sent to the furnishers, but that not "all relevant information" was included. However, even after making such an assumption, Plaintiff fails to even identify what "relevant information" was missing from the ACDV, and therefore Plaintiff's claim for lack of reasonable reinvestigation is still not adequately pled under *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 570 (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). Therefore, even when reading the statements as consistent with one another, Plaintiff has failed to state a claim.

1  pre-bankruptcy debt is reported after Chapter 13 bankruptcy confirmation. Any such claim will be

2  dismissed with prejudice.

3　　　　　Second, the Court granted leave to amend in *Devincenzi* to provide more details on the

4  allegation that the tri-bureau credit report "contained no indication at all that the debtors were the

5  subject of a pending bankruptcy." *Id.* at *7. In doing so, this Court held that "Plaintiff must

6  provide 'much more specific allegations' regarding what precisely Experian and [the furnisher]

7  reported and how these [tri-bureau credit] reports could be misleading, including production or

8  detailed description of 'the actual credit report to which' Plaintiff objects." *Id.* (quoting *Mestayer*

9  *v. Experian Info. Sols., Inc.*, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016)). Plaintiff must

10 provide similar detail concerning exactly what Experian and Equifax reported in the tri-bureau

11 credit report before and after Plaintiff sent a dispute letter to each of them. If Plaintiff fails to

12 provide such detail, Plaintiff's amended complaint will be dismissed with prejudice.[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss with leave to amend. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: January 16, 2017

_____
LUCY H. KOH
United States District Judge

---

[5] Additionally, the Court notes that Plaintiff and Equifax have failed to comply with Civil Local Rule 3-4(c)(2), which requires 12-point font for footnotes. Future filings must comply with the Civil Local Rules.